■ In the Matter of JOHN J. KENNEDY, Respondent, v. JAMES J. HAUSER, JR., as Comptroller of the City of Yonkers, Appellant.— In a proceeding pursuant to article 78 of the CPLR to review appellant's determination, made July 1, 1970, which reduced petitioner's annual retirement payments to $13,-880.28, the appeal is from a judgment of the Supreme Court, Westchester County, dated February 26, 1971, which annulled the determination and directed that the payments be restored to $16,393.08 per annum. Judgment affirmed, with $10 costs and disbursements. No opinion. Rabin, P. J., Hopkins and Latham, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment, to dismiss the petition and to direct appellant to pay petitioner a pension of three fourths of his annual salary at the time of retirement, with the following memorandum, in which Munder, J., concurs: Petitioner was a member

of the Police Department of the City of Yonkers for 42 years. His last title was that of Captain. On March 25, 1969, he applied for retirement upon the ground that he had suffered a service-connected disability. At the time the payment of pensions from the Police Pension Fund was governed by provisions in article XI of the Supplemental Charter of the City of Yonkers (hereinafter called the Pension Law), which, so far as is pertinent here, were as follows: " § 3. Retirements. The commissioner of public safety shall have the power and authority to retire from all service in the police department * * * any member or officer of the department who, upon an examination by the police surgeon * * * is found to be disqualified physically or mentally in the performance of his duties. The commissioner of public safety shall retire from all service in the police department * * *: (a) * * * (1) Any member holding the rank of captain, lieutenant, sergeant or patrolman or any other member of the department, except a member holding the rank of chief, who has attained the age of sixty-five years * * *. (b) Any member or officer of the department who shall have served continuously as a member or officer of the department for a period of twenty-five years or upwards, provided that such officer or member applies for retirement. * * * (c) All members or officers of the department retired under the provisions of this section shall be placed on the roll of the police pension fund. § 4. The said board of trustees shall grant pensions out of said pension fund, in the following cases: (1) To any member or officer of the police department who shall have been retired for disability not caused in or induced by the actual performance of the duties of his position and who has been relieved and dismissed from the police department and who has been placed on the pension roll, as provided in section three of this article, an annual pension payable monthly during his lifetime of a sum of money amounting to one-half of the full salary or compensation received by such member or officer at the date of his retirement from such service * * * (1-a) To any member or officer of the police department who shall have been retired for disability caused in or induced by actual performance of the duties of his position and who has been relieved and dismissed from the police department and who has been placed on the pension roll, as provided, in section three of this article, an annual pension payable monthly during his lifetime of a sum of money amounting to three-quarters of the full salary or compensation received by such member or officer at the time of his retirement from such service * * * (1-b) To any retired patrolman of the police department who shall have been retired for disability caused in or induced by actual performance of the duties of his position, a pension of five thousand one hundred thirty-seven dollars and fifty cents per annum; to any retired sergeant of the police department who shall have been retired for disability caused in or induced by actual performance of the duties of his position, a pension of five thousand eight hundred thirty-one dollars and twenty-five cents per annum; to any retired lieutenant of the police department who shall have been retired for disability caused in or induced by actual performance of the duties of his position, a pension of six thousand five hundred forty-three dollars and seventy-five cents per annum and to pay any retired captain of the police department who shall have been retired for disability caused in or induced by actual performance of the duties of his position, a pension of seven thousand two hundred seventy-five dollars per annum. In addition to the aforementioned remuneration to any retired member of the police department who shall have served ten (10) continuous years in said department, an additional fifty dollars per annum or for any person having served twenty (20)

continuous years in said department an additional one hundred dollars. These aforementioned amounts are in addition to any benefits accruing to an individual under local law number twelve — nineteen hundred sixty. (2)* To any member or officer of the police department who shall have been retired and who shall have been relieved and dismissed from the police department in accordance with the provisions of section three, subdivisions (a) [mandatory retirement age] or (b) [25 years of service] of this article and who has been placed on the pension roll as provided in section three, subdivision (c) of this article, an annual pension payable monthly during his lifetime which shall be equal to one-half of his final annual salary or compensation. In the event any officer or member of the uniformed force of the police department has served as such for a period of twenty-five (25) years and thereafter continues in such service, upon his subsequent retirement for any cause whatsoever, there shall be added to the amount of the annual pension or retirement allowance to which he is entitled upon date of retirement, an additional amount computed at the rate of one-sixtieth of his final compensation for each year of such additional service ". The trustees of the Police Pension Fund granted petitioner's application on November 14, 1969, effective August 28, 1969, pursuant to the above-quoted subdivision (1) of section 4 of the Pension Law. Petitioner was thus awarded an annual pension equal to three fourths of his annual salary, which prior to his retirement amounted to $15,864.30. Thereafter, petitioner requested that his pension be increased by adding thereto seventeen-sixtieths of his final annual salary, on the ground that he had served 17 years beyond the 25 years necessary for retirement and as is provided for in the above-quoted subdivision (2) of section 4 of the Pension Law. The latter application was granted on December 19, 1969 and thus there was allowed to him an annual pension of $16,393.08, which in amount exceeded his annual compensation prior to retirement. By Local Law No. 10 of the Local Laws of 1969 of the City of Yonkers, effective January 1, 1970, subdivision (2) of section 4 of the Pension Law was amended so as to add thereto the following language: " except that the maximum amount of benefits payable under any and all sections and subdivisions of this article shall not exceed seven-eighths (7/8ths) of the salary or compensation received at the date of retirement or separation from service, or the base salary or compensation for the year nineteen hundred sixty-six, whichever is greater." On July 1, 1970, the appellant Comptroller of the City of Yonkers reduced petitioner's annual pension to an amount equal to seven eighths of his annual salary prior to retirement. Petitioner then instituted the present proceeding to annul the reduction and to reinstate the original pension, claiming he had a vested right thereto which could not be impaired by any subsequent legislative enactment. Appellant, on the other hand, claimed (1) that petitioner's pension based on a service-connected disability should not have exceeded three fourths of his annual salary, which amounted to $15,864.30 prior to his retirement, and (2) that the amount of petitioner's pension, as reduced, was incorrect and should be further reduced to three fourths of his final salary. The Special Term granted the petition and directed appellant to pay petitioner an annual pension equal to three fourths of his salary plus seventeen sixtieths of his salary. Clearly, the seven-eighths limitation imposed by Local Law No. 10 of 1969 cannot be applied to deprive petitioner of benefits which vested prior to its enactment. However, in my opinion, the pension, as awarded, and as confirmed by the Special Term, exceeds the amount authorized by the

---

* Subdivision (2) constitutes Local Law No. 12 of 1960 of the City of Yonkers.

Pension Law as it existed when petitioner applied for retirement. At that time the Pension Law, quoted above, authorized the granting of four types of pensions: (1) members or officers retired due to a nonservice-connected disability were entitled to a pension of one half of their salary at the time of retirement (§ 4, subd. [1]); (2) members or officers who, like petitioner, retired due to a service-connected disability, were entitled to a pension of three quarters of their salary at the time of retirement (§ 4, subd. [1-a]); (3) officers, who, like petitioner, retired due to a service-connected disability, were entitled to a pension of a specified amount and in addition thereto any benefits accruing under Local Law No. 12 of 1960 (§ 4, subd. [1-b]); and (4) provision for those members or officers who elected to retire after 25 years of service and for those who had reached mandatory retirement age is made in subdivision (2) of section 4 of the Pension Law. Petitioner's original request for an additional seventeen sixtieths of his annual salary above the three quarters was based on his claim that the last sentence of subdivision (2) of section 4 applies to all retiring officers or members and not only to those who retire after 25 years of service or at the mandatory retirement age. I do not read the statute that way. As I see it, the intent of the Pension Law is to permit those who retire as the result of disability to make an election. They can take the pension provided for service-connected or nonservice-connected disability *or,* if they qualify, select the pension made available to those with at least 25 years of service. If the longevity provisions in subdivision (2) of section 4 were intended to apply to those who retired under the disability provisions of the law, they would have been placed in a separate section, as was done in subdivision (1-b) of section 4 of the Pension Law, or specific reference to the disability pensions would have been made in subdivision (2). To construe the Pension Law in the way petitioner does would create the unconscionable result of permitting a policeman to retire on a pension in excess of the highest salary he earned during his working career. In the absence of a clearly expressed intention to do so, I do not find that such a result was intended. Accordingly, so much of the retirement allowance as exceeds three fourths of petitioner's annual salary prior to retirement would constitute a gift of public funds to a private individual and thus would be illegal and violative of section 1 of article VIII of the Constitution of the State of New York. The judgment should be reversed and the matter remitted to Special Term for the purpose of making and entering a judgment directing appellant to pay petitioner a pension equal to three quarters of his annual salary at the time of his retirement.